Turner, J., dissenting: In my view an intention to retain the right to control and use according to his own dictates the property purportedly placed in trust could hardly have been more plainly stated than was stated by the grantor in the trust instrument herein. The property was his to begin with and the import of property ownership is that the owner may do with it as he pleases. He can keep it, use it, sell it, give it away, or otherwise dispose of it, and, if he does dispose of it or divest himself of his control over and his rights in and to the property, he frees himself of the obligation to pay tax on the income therefrom. In this instance, however, the petitioner for his own reasons saw fit to retain unbridled control over the use and disposition of the property, and the doctrine of Helvering v. Clifford considered, he does not, in my opinion, have any sound basis for claiming that he should not bear the income tax burden on the income therefrom. Further, he may not, in my opinion, find haven behind the claim that the powers in question are trustee powers and not personal. He, the owner, fixed the terms and conditions of the grant and he specifically provided that his control was to continue without any limitation whatsoever. This fact is further emphasized by the fact that in other provisions, paragraph 4 (g) for instance, where he intended to limit the scope of his powers, he provided that he should act in good faith. It is accordingly my view that the petitioner’s rights in and to the property in question were such as to make the income therefrom his income within the meaning of section 22 (a), as interpreted and applied in the Clifford case. Arnold, J., agrees with this dissent.